THE PEOPLE OF PUERTO RICO, Plaintiff and Appellant, *v.* HERMINIO DÁVILA ET AL., Defendants and Appellants.

No. 5327.   Argued June 12, 1934.—Decided July 26, 1934.

*J. Valldejuli Rodríguez* for appellant.   *R. A. Gómez, Fiscal,* for appellee.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the Court.

Herminio Dávila and Gabriel Matos were tried, on appeal, by the District Court of San Juan and found guilty of infringing a municipal ordinance of Río Grande, known as ordinance number 6. It is alleged that the defendants, on May 11, 1933, voluntarily and maliciously slaughtered cattle of the weight of 186 lbs. in the slaughterhouse of said town, which is a public slaughterhouse, and failed to pay a tax of 1¢ per pound imposed on the weight of the animals slaughtered on the aforesaid slaughterhouse on the said date.

The defendants alleged before the lower court that the facts complained of did not constitute a public offense because the aforesaid ordinance was illegal and null on the following grounds:

1. Because it is a tax on the sale of fresh meat which is exempt from taxation.

2. Because the Municipal Assembly of Río Grande lacks authority to impose the tax levied by said ordinance since such a tax has been prohibited by the legislature.

3. Because the tax levied is confiscatory and unfair and illegal because as imposed on the business of selling fresh meat it not only eliminates all the profits thereof, but causes losses thus depriving the defendants of their property without due process of law.

4. Because the tax is a double tax and fresh meat is nutritive food exempt from taxation in the purview of Section 83 of Act No. 83, (Sessión Laws of May 6, 1931).

The defense admitted that the defendants had failed to pay the tax levied in the municipal ordinance because they were of opinion that the same was a double tax and furthermore because the tax levied by ordinance No. 6 was illegal, since Joint Resolution No. 66, (Session Laws of 1931, p. 1042), and Section 83 of Act No. 83, (Session Laws of that same year, p. 514), expressly prohibit such a tax.

The lower court overruled the demurrer of the defendants in a painstaking opinion, and they appealed from the judgment of conviction.

It is alleged that the District Court of San Juan erred in holding that the several municipalities of the Island are authorized to levy taxes on the sale of fresh meat of cattle slaughtered in the Island of Puerto Rico.

Upon deciding the issue raised the court *a quo* held thus:

"As we may see, the grounds for nullity alleged by the defendant are derivatives or enlargements of each other. As regards the prohibition of the municipal assembly to levy a tax on the sale of fresh meat, a superficial study of the law concerning this matter will convince us that the defendants are not right. Section 3 of Joint Resolution No. 66, (Session Laws of 1931, page 1043), prohibits the imposition of any taxes on the slaughter of cattle or other animals, or on the sale of fresh meat of cattle slaughtered in the Island, but it did not prohibit nor preclude the municipality from imposing taxes for using slaughterhouses or properties belonging to the municipality for the sale of meat. This law was enacted on May 12, 1931, and the same was to become effective 90 days thereafter; but three days after it was passed, that is, on May 15, 1931, Act No. 98, (Session Laws of 1931, 594) was approved to amend the municipal law, also to become effective 90 days after it was approved. The instant law provides in its Section 12, amending paragraph *f* Section 46 of the municipal law, 'there is hereby reserved to the municipalities, and there shall not be levied for insular purposes, any excise, license or tax of any other class, which shall be decreed by the corresponding municipal assembly on . . . . . . (10) Slaughter of cattle in public or private slaughter houses, not to exceed thirty (30) cents on each twenty-five pounds of beef and fifty (50) cents for each hog, goat or sheep.' As this law was approved subsequent to Joint Resolution No. 66, and its provisions are contrary to those of the former, it implicitly repealed the prohibition to impose taxes on fresh meat, and thus the authority of the municipal assemblies to levy a tax on the slaughter of cattle was fully confirmed."

In accordance with ordinance No. 6, which is the one allegedly infringed, any one who slaughters cattle in the jurisdiction of Río Grande must obtain a license, after paying $5

therefor, as provided by Subsection *c* of Section 2 of the aforesaid ordinance. In Subsection *b* of that same Section a bond is further required to answer at any time for the payment of the tax on meats, and in Section 3 a tax of 1 cent is levied per pound of meat slaughtered in the municipal slaughterhouse or in any other slaughterhouse authorized for that purpose. The defendants are of opinion that this ordinance is unreasonable, and further that it is in violation of the joint resolution aforementioned, approved on May 12, 1931, and the said Section 83 of Act No. 83, (Session Laws of 1931) passed six days before, that is, on May 6 of the aforesaid year.

Now then, Section 46 of the municipal law enacted in 1928 (Act No. 53, Session Laws of 1928, p. 334) and amended by Act No. 98 (Session Laws of May 15, 1931, p. 594), provides what shall constitute municipal revenues, and in paragraph *f* of said Section 46, it is expressly provided that—

"There is hereby reserved to the municipalities, and there shall not be levied for insular purposes, any excise, license or tax of any other class, which shall be decreed by the corresponding municipal assembly on—.... (10) Slaughter of cattle in public or private slaughterhouses, not to exceed thirty (30) cents on each twenty-five pounds of beef and fifty (50) cents for each hog, goat or sheep."

This law was passed three days after the Legislative Assembly approved Joint Resolution No. 66, which provides in Section 3 "the levying of any tax on the slaughter of cattle or other animals, or on the sale of meat slaughtered in the Island of Porto Rico, is hereby prohibited; *Provided, however,* That nothing herein contained shall prevent the municipalities of Porto Rico from levying an excise tax for the use of municipal slaughter-houses, and of municipal stands for the sale of meat."

Section 83 of the law to provide a revenue for the People of Puerto Rico, etc., amended by Law No. 83, (Session Laws of 1931,) provides among other things that the tax levied

by Sections 62 and 16 *a* of said revenue law shall not affect the sale of groceries and victuals.

So that the Legislature on the month of May, 1931, and with only a few days of difference, prohibited the imposition of taxes on the slaughter of cattle in public slaughterhouses and reserved on the municipalities the power to levy taxes for the slaughter of cattle in public or private warehouses. These provisions are irreconcilable and as both can not co-exist, the last expression of the wishes of the Legislative Assembly must necessarily prevail. There is no doubt that the Legislature expressed its will in a clear cut manner in the amendments introduced to the Municipal Law on May 15 of the aforesaid year, empowering the municipalities to levy a tax on the slaughter of cattle.

It is a well established principle that a law may be repealed expressly or impliedly. It is so upheld by the cases and further it is so provided by our Section 6 of the Civil Code. The repeal is express where it is so literally provided in a subsequent law; it is implied where the new law contains provisions contrary or irreconcilable with those of the previous law. It is true that implied repeals are not favored (*American Trading Co.* v. *Monserrat,* 18 P.R.R. 268; *Portela* v. *Registrar,* 22 P.R.R. 81); but where the subsequent laws contains provisions contrary or irreconcilable with those of the previous one, then the previous law in existence is repealed. *Pérez* v. *Succession of Collado,* 19 P.R.R. 1006. The joint resolution passed on May 6, 1931, in the part where it forbids the municipalities to levy taxes for the slaughter of cattle, can not coexist with a law approved by the same legislative body nine days later empowering the municipalities to levy said tax. Further, the amendment of the Municipal Law passed on March 15, 1931, provides that "all laws or parts of laws in conflict herewith are hereby repealed." As there exists a manifest incompatibility between both provisions, it is evident that paragraph *f* of Section 46 of the Municipal Law, amended in 1931, repealed Section 3 of Joint

Resolution No. 66, (Session Laws of that same year), in what concerns the slaughter of cattle or other animals.

It is alleged in the second instance that the lower court erred in holding that the tax levied by ordinances 6 and 12 of the town of Río Grande is not a double tax.

The appellants argue that ordinances 6 and 12, approved by the Municipality of Río Grande, levy a triple tax. Ordinance No. 6 requires the payment of a fee for a license to slaughter cattle in Río Grande. One must pay $5 for that license. A tax of 1 cent per pound of meat slaughtered in the municipal slaughterhouse or in any other slaughterhouse authorized for such purpose is also levied. Ordinance No. 12 under the heading "Use of Slaughterhouse," levies a tax of $1 per head of bovine cattle slaughtered for public sale and further 50 cents for each hog, lamb or buck for the same purpose. As we may see, this tax is levied for the use of the slaughterhouse. There is no double tax. In the first ordinance the tax is levied for the use of the municipal slaughterhouse. This is not a tax but a rental that the municipality has a right to charge for the use of what belongs to it. It is evident that the person who uses the slaughterhouse contracts the obligation to pay the cost of said user for the aforesaid purposes. The municipality exercises the same right granted to a private citizen, deriving a benefit from the use of its property by a third person. It is convenient to explain that the appellants are not charged with a violation of ordinance No. 12, that concerns the use of the slaughterhouse, but with a violation of ordinance No. 6, for having failed to pay the tax levied on each pound of meat slaughtered.

The general rule is that for a double tax to exist, both taxes must be of the same nature and must fall on the same thing, which does not happen in the instant case. The appellants are of opinion that ordinance No. 6, separately considered, levies a double tax. That ordinance requires a fee of $5 "for each caterer's license that will be issued for an

indefinite term and that will be considered extinguished if the caterer fails to slaughter cattle for public sale for a consecutive period of 90 days.'' Immediately following in Section 3 of said ordinance ''a tax of 1 cent is levied for each pound of meat slaughtered.'' As we may see, the tax of $5 is levied in order to slaughter cattle for an indefinite period of time, with the corresponding license, and the tax of 1 cent is levied on each pound of slaughtered meat. The ordinance is valid. It does not levy a tax on the sale of meat, the 1 cent tax is levied exclusively on slaughtered meat. Regardless of the appeal of the argument that since meat is an article of prime importance it should be at the reach of the poorer classes, and not subject to certain taxes, the truth is that reading and construing the ordinance one can not reach the conclusion that it imposes a double tax.

As regards the pecuniary bond, of not less than one dollar nor of more than $50 that should be given to answer at any time for the tax on meat levied by the ordinance, it can not be considered either as a tax levied on the same business, but as a security to the municipality to insure the payment of said taxes.

The judgment appealed from must be affirmed.

Mr. Justice Wolf dissented.